Yeran MARGARYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–71352.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Filed Dec. 8, 2006.

Yeran Margaryan, Glendale, CA, pro se.

Boris Baladjanian, Law Offices of Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Anthony W. Norwood, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY and FISHER, Circuit Judges.

MEMORANDUM **

Yeran Margaryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Margaryan testified that she was personally attacked fifteen years ago because of her former marriage to an Azerbaijani Muslim. Substantial evidence supports the IJ's determination that the discrimination and mistreatment Margaryan suffered during the height of the Armenian–Azerbaijani conflict was due to civil strife. *See Singh v. INS*, 134 F.3d 962, 967 (9th Cir.

1998) (difficulties that are a product of social unrest and discrimination alone do not support an asylum claim). Moreover, the incidents that occurred during the ten-year period when Margaryan returned to live in Armenia did not amount to persecution. *See Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001) (five to six day detention without abuse or threats did not amount to persecution), *amended by* 355 F.3d 1140 (9th Cir.2004); *see also Lim v. INS*, 224 F.3d 929 (9th Cir.2000) (being followed by unidentified men was insufficient for a finding a past persecution). Finally, Margaryan has not provided sufficient evidence that she was mistreated because anyone imputed her first husband's ethnicity or religion to her. *See Sangha v. INS*, 103 F.3d 1482, 1486–87 (9th Cir.1997) (an applicant must provide direct or circumstantial evidence that the persecutor was or would be motivated to persecute him because of the victim's actual or imputed status).

Substantial evidence also supports the IJ's conclusion that Margaryan does not have an objectively reasonable fear of future persecution on a protected ground. *See Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir.2000) (holding that the persecution of an estranged spouse whose views are imputed to the petitioner will only give rise to a claim of well-founded fear where there is an evidentiary nexus between the former spouse's persecution and the petitioner's fear) (internal citations omitted).

Because Margaryan failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the IJ's denial of her claim for CAT protection because Margaryan did not establish that it is more likely than not that she will be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.